**E. P. PHELPS, Appellant,**

v.

**Cal TURNER et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 10, 1961.

Marvin J. Sternberg, Louisville, for appellant.

Frank R. Goad, Scottsville, Leonard Wilson, Jamestown, for appellees.

MILLIKEN, Judge.

This appeal involves a chattel mortgage on after-acquired goods.

On March 16, 1955, Clyde O. Thomas and his wife executed a promissory note, payable in one year, to the appellant, E. P. Phelps, and a chattel mortgage on their one-fourth interest (valued at $15,000) in the stock and fixtures of the Russell Dry Goods Company in Russell Springs, Kentucky. The chattel mortgage was duly recorded two days later.

Pursuant to a prior understanding reached by the partners in the Russell Dry Goods Company, they incorporated on May 5, 1955, capitalized at $45,000, and apportioned the stock in their new corporation, the Russell Dry Goods Company, Inc., on the basis of one-fourth to the appellees Thomas and three-fourths to the appellees Turner.

On May 23, 1955, the Thomases sold their interest in the new corporation to their former partners, the appellees, the Turners, for $7,500, guaranteeing that their stock was clear of all liens and encumbrances. The Thomases paid only $300 on the note before they went bankrup' and their trustee in bankruptcy subsequently paid another $315.73.

With his personal action on his note discharged by the bankruptcy decree, Phelps sought to assert his chattel mortgage lien on the interest the Thomases had sold to the Turners after the incorporation of the partnership business, an interest which he claimed had been converted into cash from insurance after a fire had destroyed the entire stock of goods and fixtures of the corporation in April 1956.

Finding that both the appellant, Phelps, and the Turners had acted honestly and had been cheated by the Thomases, the chancellor gave Phelps judgment for $987.61 to cover the mortgaged one-fourth interest in the fixtures and held the mortgage illegal so far as the changing stock of merchandise was concerned. The court relied on Sandy Valley Grocery Company v. Patrick, 267 Ky. 768, 103 S.W.2d 307, 310, wherein this Court in 1937 reluctantly and critically reaffirmed the common-law doctrine that mortgages on after-acquired property, such as a changing stock of goods, were illegal because of the opportunity they afforded for cheating other creditors, saying: "If third parties dealing with the mortgagor possess either actual or constructive notice of such prior bona fide transaction, we fail to see wherein they should not be bound by the mortgage when with such knowledge they consent to the creation of their subsequent debts. But, however that may be, the stare decisis rule, so overwhelmingly adopted and approved by this and all courts, admonishes us that we should not depart therefrom, it involving a rule of ¬roperty."

We affirm the judgment on the basis of the Sandy Valley case, comforted by the knowledge that the Uniform Commercial Code, KRS 355.9–204, now effective in this jurisdiction, permits mortgages on after-acquired goods. See Anderson, U.C.C., Section 9.204.

The judgment is affirmed.